UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL J. BRUNO,

                Plaintiff,

vs.                              Case No. 2:09-cv-312-FtM-29DNF

LANCE HENDERSON, ET AL.,

                Defendants.
_____

**ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon review of the file. *Pro se* Plaintiff, who is currently in the custody of the Florida Department of Corrections, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. #2).

**II.**

The Complaint names six corrections officers from the DeSoto Correctional Institution, the assistant warden, and a representative of the Secretary of the Florida Department of Corrections as Defendants. Complaint at 9-10. The Complaint alleges that Plaintiff was issued a false disciplinary report. Id. at 12-13. Based upon the disciplinary report, a hearing was held, at which Plaintiff was found guilty. Id. Plaintiff states he lost seventy days of gain time because of the guilty finding. See

generally id. at 12-13.  Plaintiff submits that the disciplinary report was false and that his due process rights were violated during the disciplinary hearing.  Id. at 13.  As relief, *inter alia*, Plaintiff seeks monetary damages, expungement of the disciplinary record, and restoration of his lost gain time.  Id. at 16-19.

**III.**

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."  See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).  In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings.  In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346

(11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. The court recognizes that generally it is preferable to serve a *pro se* complaint before dismissing it as frivolous under § 1915A(b)(1). Williams v. Sec. for the Dep't of Corr., 131 Fed. Appx. 682, 686 (11th Cir. 2005). Nonetheless, when the Court finds from the "face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless" the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense." Id. (quotations and citations omitted); Nietzke 490 U.S. at 327; Denton v. Hernandez, 504 U.S. 25, 32 (1992); Bilal, 251 F.3d at 1349. The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.[1] Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S.

---

[1]Plaintiff seeks to proceed *in forma pauperis* in this action. Docs. #2, #3, #8, #9. Thus, the Complaint is also subject to dismissal under 28 U.S.C. section 1915(e)(2)(B)(ii).

41 (1957)). Additionally, the Court may dismiss a case when the allegations in the Complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

**IV.**

The Court finds the instant Complaint subject to dismissal for failure to state a claim. To the extent Plaintiff seeks restoration of gain time that was taken away as a result of the disciplinary hearing, Plaintiff's proper recourse in this case is to file a habeas corpus petition. Gain time is "time credited to reduce a prisoner's term." Douglas v. Yates, 535 F.3d 1316, 1319 (11th Cir. 2008)(quotation omitted). Thus, Plaintiff is directly attacking the duration of his confinement by seeking restoration of his gain time and a habeas petition is the "exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Wilkinson v. Dotson, 544 U.S. 74 (2005); Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).

Additionally, Plaintiff's claims for expungement of the disciplinary record and monetary damages based on an alleged false disciplinary report and faulty disciplinary hearing is barred by Heck v. Humprey, 512 U.S. 477, 486-87 (1994). A claim challenging unlawful conduct leading to an unconstitutional conviction, including administrative action while in prison, cannot proceed unless the plaintiff shows that the challenged conviction was

-4-

reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added). The United States Supreme Court has applied the Heck analysis to actions brought by prisoners who are challenging disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641, 643-649 (1997); Roberts v. Wilson, 2007 WL 4336446 (11th Cir. 2007)(affirming district court's § 1915(e)(B)(2)(ii) dismissal of an action pursuant to Heck when plaintiff alleged deprivations of his due process rights during a disciplinary hearing, but never had the disciplinary adjudication invalidated). In this case, Plaintiff has not show that the disciplinary report was overturned or expunged, and, as previously stated, that is the exact relief Plaintiff seeks from this Court. The success of Plaintiff's claim would necessarily imply the invalidity of the punishment imposed and is barred by Heck.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Complaint is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915A.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __4th__ day of December, 2009.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record